UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JAMES M. FLAGG,<br><br>          Plaintiff,<br><br>vs.<br><br>AARON C. ROUSE, *et al.*,<br><br>          Defendants. | Case No. 2:18-cv-01305-APG-VCF<br><br>**SEALED ORDER AND REPORT & RECOMMENDATION**<br><br>Motion to Seal [ECF No. 2] and Motion to File Electronically [ECF No. 3] |

    Before the Court are Plaintiff James Flagg's Motion to File Under Seal Bivens Action (ECF No. 2) and Motion to File Documents Electronically (ECF No. 3). For the reasons discussed below, Plaintiff's motion to file electronically is denied without prejudice, and his motion to seal should be denied.

    On July 17, 2018, Plaintiff filed his complaint. (ECF No. 1). The complaint generally alleges that the FBI has improperly monitored Plaintiff and become aware of information damaging to Plaintiff. (*Id.* at 4-7). Plaintiff asks for "court order directing the FBI to cease and desist the operation or investigation of Plaintiff and directing the FBI to seal and maintain the confidentiality of" the information they have regarding Plaintiff. (*Id.* at 11). On the same date, Plaintiff filed a motion to file this action under seal. (ECF No. 2). Plaintiff asserts that facts pled in his complaint and the information the FBI may have received during its monitoring of Plaintiff could potentially harm Plaintiff's economic interests. (*Id* at 4). Plaintiff also filed a motion to file documents electronically. (ECF No. 3).

    "Historically, courts have 'recognize[d] a general right to inspect and copy public records and documents, including judicial records and documents.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The Court must find

compelling reasons to seal the entire record of the case. *Id.* Avoiding embarrassment or an undue burden on a party's professional endeavors are not compelling reasons. *Id.* at 1026. "Under the 'compelling reasons' standard, a district court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)).

Plaintiff has failed to articulate compelling reasons for this action to proceed under seal. While Plaintiff asserts the information the FBI allegedly possesses is damaging to Plaintiff, it is not clear that the information is confidential or private. The information may even have been used in another case. (ECF No. 2 at 3). Some facts pled in the complaint may affect the value of real property. Such a possible consequence does not justify sealing an entire case. The Court would have to resort to conjecture to find a compelling reason to seal the entire case, as both (1) the FBI's possession of damaging information and (2) any potential impact on Plaintiff's economic interests is extremely uncertain at this juncture. As specific filings present a more concrete danger to Plaintiff, Plaintiff can move to seal those particular documents. Plaintiff's concerns about his economic well-being do not outweigh the public's interest in accessing this case.[1]

At this time, the case is sealed. Parties cannot electronically file documents in a sealed case. Therefore, the Court denies Plaintiff's motion to file electronically. Should the case be unsealed, Plaintiff may re-file his motion to file electronically.

ACCORDINGLY, and good cause appearing,

IT IS ORDERED that Plaintiff's Motion to File Documents Electronically (ECF No. 3) is DENIED without prejudice.

---

[1] If Plaintiff were to voluntarily dismiss the case before the District Judge rules on this Report and Recommendation, it is possible that this case will remain sealed, as there will no longer be a controversy before the Court.

IT IS RECOMMENDED that, absent Plaintiff's intervening voluntary dismissal of this case, Plaintiff's Motion to File Under Seal Bivens Action (ECF No. 2) be DENIED. Pending the District Judge's review of the Report and Recommendation, the case will remain sealed.

**NOTICE**

Under Local Rule IB 3-2, any objection to this Order and Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (See Thomas v. Arn, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (See Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action. (See LSR 2-2).

IT IS SO ORDERED and RECOMMENDED.

DATED this 8th day of August, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE