**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

|  |  |
|---|---|
| JAMES M. FLAGG, | |
| Plaintiff, | Case No. 2:18-cv-01305-APG-VCF |
| vs. | **ORDER** |
| AARON C. ROUSE, | MOTION TO STAY [ECF NO. 21] |
| Defendant. | |

Before the Court is Defendant Aaron Rouse's Motion to Stay Discovery. (ECF No. 21). For the reasons discussed below, Defendant's motion is granted.

### BACKGROUND

In his complaint, Plaintiff James Flagg brings a *Bivens* claim Defendant Rouse, Special Agent in charge of the FBI's Las Vegas office, and several Does FBI employees. (ECF No. 1 at 1-2). Plaintiff asserts that his Fourth, Fifth, Sixth, and Ninth Amendment rights have been violated. (*Id.* at 5, 7). "Plaintiff believes that the FBI in Los Angeles and Las Vegas, Nevada have been conducting an operation to monitor Plaintiff and determine, using psychological warfare techniques, what Plaintiff knows about any classified material." (*Id.* at 4). "Plaintiff is asking this court to issue a cease and desist or restraining order to bring an end to all FBI action against Plaintiff…and that the court restrain the FBI from ever releasing information about this operation." (*Id.*).

Defendant has moved to dismiss the complaint. (ECF No. 20). Defendant argues that "the Court lacks personal jurisdiction over [Defendant], Plaintiff's Complaint is time-barred, and Plaintiff has failed to state a plausible *Bivens* action." (*Id.* at 1). Among his other arguments, Defendant asserts that he was not properly served with the complaint. (*Id.* at 3-4). Plaintiff does not appear to challenge this assertion, but states that he believes he has served Defendant properly by only serving the United States, because he

sued Defendant in his official capacity. (ECF No. 22 at 1-2). Defendant also argues that Plaintiff's complaint improperly seeks injunctive relief, which is not permitted in a *Bivens* action. (ECF No. 20 at 7). Plaintiff asserts that relevant case law "leaves open the possibility of an action for injunctive relief in the Official Capacity of a Federal Official." (ECF No. 22 at 2-3).

Defendant now moves to stay discovery. (ECF No. 21). Defendant argues that its motion to dismiss is potentially dispositive of the entire case and can be decided without discovery. (*Id.* at 3). In response, Plaintiff asks that the Court allow limited discovery regarding the FBI's alleged investigation into Plaintiff. (ECF No. 23 at 1-2). "Plaintiff has reason to believe that the limited discovery…will allow the court to assess the veracity of Plaintiff's claims." (*Id.* at 2).

## ANALYSIS

The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013). Whether to grant a stay is within the discretion of the court. *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503.

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.*

Without prejudging the outcome of the motion to dismiss, the Court finds there is a high likelihood that the complaint will be significantly limited in scope if not eliminated when the pending motion to dismiss is decided. There appears to be merit in several of Defendant's arguments against Plaintiff's

claims. Plaintiff appears to concede that he has not personally served Defendant (ECF No. 22 at 1-2), which is required under Federal Rule of Civil Procedure 4(i)(3). Failing to serve a defendant with process can be grounds to dismiss a case. *See Brown v. Washington*, 752 F. App'x 402, 404 (9th Cir. 2018). In addition, "*Bivens* is both inappropriate and unnecessary for claims seeking solely equitable relief against actions by the federal government." *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016). *Bivens* claims seek monetary relief, rather than injunctive relief. *Id.*; *see also Fazaga v. Fed. Bureau of Investigation*, 916 F.3d 1202, 1245 (9th Cir. 2019); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1861 (2017). Plaintiff complaint seeks solely injunctive relief (ECF No. 1 at 4), and does not appear to be a proper *Bivens* action.

Because the motion to dismiss rests on legal rather than factual grounds, Defendant's arguments will not need further discovery to resolve. After a preliminary peek and in light of the goals of Federal Rule of Civil Procedure 1 to "secure the just, speedy, and inexpensive" determination of all cases, the Court finds that the motion to dismiss demonstrates good cause to stay discovery.

ACCORDINGLY, and good cause appearing,

IT IS ORDERED that Plaintiff's Motion to Stay Discovery (ECF No. 21) is GRANTED. Discovery is stayed during the pendency of Defendant's motion to dismiss.

IT IS FURTHER ORDERED that a status conference is scheduled for 10:00 AM, December 16, 2019 in Courtroom 3D, Lloyd D. George Federal Courthouse, 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 12th day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE