# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMES FLAGG,

    Plaintiff

v.

AARON C. ROUSE,

    Defendant

Case No.: 2:18-cv-01305-APG-VCF

**Order Granting Motion to Dismiss and Motion to Strike**

[ECF Nos. 20, 27]

    Plaintiff James Flagg (Flagg) sues defendant Aaron C. Rouse (Rouse), who is the Special Agent in Charge of the FBI Field Office in Las Vegas, for alleged violations of Flagg's rights under the Fourth, Fifth, Sixth, and Ninth Amendments to the Constitution. ECF No. 1. Flagg is suing Rouse in his official capacity only. *Id.* at 2. Flagg labels his complaint as a "*Bivens*"[1] action, but he seeks injunctive relief and does not request damages. *Id.* at 1, 11.

    Rouse moves to dismiss on a variety of grounds. Flagg filed a response and a surreply. Rouse moves to strike the surreply as unauthorized. Flagg responds that he was allowed to amend his response brief under Federal Rule of Civil Procedure 15. I grant Rouse's motion to strike because Flagg's surreply was unauthorized. I grant Rouse's motion to dismiss because Flagg has not identified a waiver of sovereign immunity, but I grant Flagg leave to move to amend.

**A. Motion to Strike**

    Under the Local Rules, "[s]urreplies are not permitted without leave of court." LR 7-2(b). Flagg argues he can amend his response brief under Federal Rule of Civil Procedure 15. Flagg did not seek to amend or update his response brief. By his own words, he was filing a "reply to"

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Rouse's reply. ECF No. 25. In any event, Rule 15 does not provide a means for Flagg to amend his response brief. That rule is directed at amending the pleadings, not a brief. *See* Fed. R. Civ. P. 15(a)(1) (allowing amendments to pleadings under certain circumstances); Fed. R. Civ. P. 7(a) (identifying allowable pleadings). Flagg did not request, and I did not grant, leave to file a surreply. Consequently, I grant Rouse's motion to strike.

**B. Merits**

Although Flagg entitles his complaint as a *Bivens* complaint and refers to *Bivens* in his opposition, he is not asserting a *Bivens* claim. "*Bivens* created a remedy for violations of constitutional rights committed by federal officials acting in their individual capacities. . . . [A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (quotation omitted). Indeed, "[b]y definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action," and "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity." *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) (quotation omitted). Because Flagg sues Rouse in only his official capacity and only for injunctive relief, there is no *Bivens* claim in this case. I therefore do not address the parties' various arguments regarding a *Bivens* claim or about Rouse being sued in his individual capacity.[2]

Rouse contends he cannot be sued for injunctive relief in his official capacity because that is the same as a suit against the United States, and the United States has not waived its sovereign immunity. Flagg does not respond to this argument. I therefore grant this portion of

---

[2] Rouse claims he was not properly served in his individual capacity, but he does not dispute that he was served in his official capacity. ECF No. 20 at 3-4 & n.1.

Rouse's motion as unopposed. LR 7-2(d). Moreover, a suit against a defendant in his or her official capacity is "merely . . . another way of pleading an action against the United States." *Consejo de Desarrollo Economico de Mexicali, A.C.*, 482 F.3d at 1173. The United States is immune from suit unless it has waived its sovereign immunity. *Id.* "As the party asserting a claim against the United States, [Flagg] has the burden of demonstrating an unequivocal waiver of immunity." *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (quotation omitted). Flagg has not done so here. I therefore grant Rouse's motion to dismiss.

### C. Leave to File a Motion to Amend

Federal Rule of Civil Procedure (15)(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The policy underlying Rule 15 favors granting amendment with "extreme liberality." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (quotation omitted). But I may deny leave to amend if the "proffered amendments would be nothing more than an exercise in futility." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Given Flagg's pro se status, I will allow him leave to file a motion to amend his complaint. If he chooses to do so, he must attach to the motion his proposed amended complaint and explain in the motion why amendment would not be futile. His motion must address sovereign immunity and the statute of limitations. Additionally, Flagg may take this opportunity to add factual allegations to address Rouse's argument that Flagg has not plausibly alleged facts showing the "operation" against Flagg or what acts FBI agents took to harass Flagg. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Flagg is

advised to support each claim with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

**D. Conclusion**

I THEREFORE ORDER that defendant Aaron C. Rouse's motion to strike **(ECF No. 27) is GRANTED**. Plaintiff James M. Flagg's reply to the reply to the response to the motion to dismiss filed by defendant Rouse **(ECF No. 25) is STRICKEN**.

I FURTHER ORDER that Rouse's motion to dismiss **(ECF No. 20) is GRANTED**.

I FURTHER ORDER that by before March 23, 2020, plaintiff Flagg may file a motion for leave to amend his complaint as discussed above.

DATED this 20th day of February, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE